JOSEPH B. MOORS & another *vs.* WILLIAM H. DRURY & another, assignees.

Middlesex.     November 20, 1903. — September 13, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Sale.  Insolvency.  Banker.*

Where a banker advances money to a merchant for the importation of goods on a letter of credit, under a contract by which the goods are consigned to the banker and he is to retain the title until he sells the goods in his own name, paying the surplus of the proceeds to the merchant after deducting the amount of his advances and commissions, duties and charges, the banker is the owner of the goods, and is not a mortgagee or pledgee within the meaning of Pub. Sts. c. 157, § 28, relating to the proof of a claim in insolvency by a creditor having a mortgage or pledge.

LATHROP, J.   This is an appeal from a decree of the Court of Insolvency disallowing the claim of the plaintiffs against the estate of Fred A. Houdlette.   The case was heard before the Chief Justice of the Superior Court, who refused to give certain rulings requested by the assignees in insolvency of Houdlette, and found for the plaintiffs.   The assignees alleged exceptions.

The objection to the proof of claim is based upon the Pub. Sts. c. 157, § 28, which provides: " When a creditor has a mortgage or pledge of real or personal estate of the debtor, or a lien thereon, for securing the payment of a debt claimed by him, the property so held as security shall, if he requires it, be sold, and the proceeds applied towards the payment of his debt, and he shall be admitted as a creditor for the residue.   The sale shall be made in such manner as the judge orders, and the

creditor and assignee respectively shall execute all deeds and papers necessary or proper for effecting the conveyance. If the creditor does not require such sale and join in effecting the conveyance, he may release and deliver up to the assignee the premises held as security, and be admitted as a creditor for the whole of his debt. If the property is not so sold, or released and delivered up, the creditor shall not be allowed to prove any part of his debt."

It was admitted that the merchandise set forth on the credit side of the proof of claim had been sold without application to the Court of Insolvency.

It was agreed at the hearing that the report of the case of *Moors* v. *Reading*, 167 Mass. 322, and the report of the case of *Drury* v. *Moors*, 171 Mass. 252, might be referred to, and the facts therein stated be admitted as evidence of the facts in this case so far as they have any bearing on the issues herein.

In *Moors* v. *Reading*, it was held that under the facts stated the plaintiffs were not pledgees or mortgagees; and the same was held in *Drury* v. *Moors*. These cases are conclusive as to the part of the iron sold by the plaintiffs.

The other merchandise sold by the plaintiffs was imported under letters of credit issued to Houdlette by the plaintiffs under contracts in form like that stated in the bill of exceptions. This merchandise was consigned to the plaintiffs, who retained title to it until it was sold in their name. By the course of dealing between the plaintiffs and Houdlette, they paid to him the surplus of the proceeds, after deducting therefrom the amount of their advances, commissions, duties and custom-house brokers' charges.

We consider it well settled that under circumstances similar to those in this case a banker making advances and retaining the title, is the owner and not a mortgagee or pledgee. *Moors* v. *Wyman*, 146 Mass. 60. *Moors* v. *Kidder*, 106 N. Y. 32. *New Haven Wire Co. Cases*, 57 Conn. 352. *Mershon* v. *Moors*, 76 Wis. 502.

We are of opinion, therefore, that in neither of the classes of merchandise in question the statute applies. While it is true in regard to the imported merchandise that in the letter signed by F. A. Houdlette & Co. the latter says that the goods may be held "as general collateral security for our account with you," this could not affect the ownership of the plaintiffs in the goods,

or their right to sell them as owners. This subject is so fully discussed in the cases last above cited that we do not deem further discussion necessary.

The remaining question relates to small items of stock in a corporation, and certain notes. These were taken by the plaintiffs in payment for some of the imported iron. The plaintiffs were therefore the owners of the stock and notes.

*Exceptions overruled.*

*W. R. Sears, (A. Lincoln* with him,) for the assignees.
*R. M. Morse, (J. Duff* with him,) for the plaintiffs.